FILED
United States Court of Appeals
Tenth Circuit

August 20, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TIMOTHY MEEK,

   Plaintiff - Appellant,

v.

SARGEANT MR. JORDAN, CAPTIN
[sic] MR. ROMERO, SARGEANT MR.
ROLANDO, and CAPTIN [sic] MOORE,
each sued individually and in his official
capacity.

   Respondents - Appellees.

No. 13-1249

(D.C. No. 1:13-CV-00659-LTB)

(D. Colorado)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Timothy Meek sued four prison officials, and the federal district court

dismissed the action on grounds that it was too vague and that Mr. Meek had failed

to comply with prior orders to correct the pleading defects. Disagreeing with the

district court's ruling, Mr. Meek appeals. We need not decide whether the

---

[*]   This order and judgment does not constitute precedent. 10th Cir. R. 32.1(A).

   After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

amended complaint was too vague, however, because we conclude that Mr. Meek has failed to state a claim on which relief can be granted. Thus, we affirm the dismissal on different grounds.

## The Amended Complaint

While incarcerated, Mr. Meek was charged with a disciplinary infraction. He states that authorities conducted a hearing, found him guilty, and ordered punitive segregation for 60 days. Complaining that this sanction violated his rights to due process and equal protection, Mr. Meek sues under 42 U.S.C. § 1983.

## The District Court's Rationale

The district court dismissed the action without prejudice on the ground that the amended complaint was too vague. We need not address the district court's rationale when we can affirm on different grounds. *See Colo. Flying Academy, Inc. v. United States*, 724 F.2d 871, 879-80 (10th Cir. 1984). We can affirm on different grounds here because the amended complaint fails to state a claim on which relief can be granted.

## The Standard for Dismissal

Mr. Meek is appearing *in forma pauperis* and is a prisoner suing government employees over prison conditions. Because of these circumstances, federal law would have required the district court to screen the amended complaint even if it had been sufficiently specific. Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) (2006); Prison Litigation Reform Act, 42 U.S.C.

§ 1997e(c)(1) (2006). That screening would have required the court to decide whether the amended complaint stated a claim on which relief could be granted. Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) (2006); Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1) (2006).

In screening the amended complaint for this purpose, we apply the standard under Federal Rule of Civil Procedure 12(b)(6) for failure to state a valid claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). Under this standard, we disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). After disregarding conclusory allegations, we consider the remaining factual allegations to determine whether they plausibly suggest a right to relief. *Id.*

### Mr. Meek's Equal Protection Claim

The equal protection claim consists of one sentence: "The 60 day punitive sanction violated plaintiff's Timothy Meek's rights and constituted a [sic] . . . equal rights violation due to [his] prior gang affiliation tattoos, under the 14th Amendment to the United States Constitution." Am. Compl. at 6, ECF No. 15, *Meek v. Jordan*, 13-cv-659-BNB (D. Colo. May 7, 2013). This sentence does not contain sufficient facts to create a plausible right to relief as an equal-protection violation.

The Equal Protection Clause is violated when the government discriminates between similarly-situated individuals. *Penrod v. Zavaras*, 94 F.3d 1399, 1406

3

(10th Cir. 1996) (per curiam).  Though Mr. Meek invokes this clause, he does not identify anyone who was similarly-situated.

From the single sentence in the amended complaint, we think the claim is based on suspicion that Mr. Meek was given 60 days in punitive segregation – while others were given lighter penalties – because he had tattoos that showed affiliation with a gang.  Am. Compl. at 6, ECF No. 15, *Meek v. Jordan*, 13-cv-659-BNB (D. Colo. May 7, 2013).[1]  This allegation does not contain enough factual content to suggest a plausible equal-protection claim.

Though Mr. Meek refers to his gang tattoos, he does not allege any facts that would suggest similarities to other prisoners who were treated more favorably.  The omission is fatal to the equal-protection claim.  *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (concluding that a prisoner's equal-protection claim was frivolous because of the inability to allege similarities "in every relevant respect" to other inmates who were classified more favorably); *see also Fogle v. Pierson*, 435 F.3d 1252, 1260-61 (10th Cir. 2006) (a prisoner's equal-protection claim, based on a difference in the length of administrative detention, was frivolous because it was not plausible to suggest identical

---

[1]     The Sixth Circuit Court of Appeals has held that the Equal Protection Clause does not prohibit classification of prisoners based on gang affiliation.  *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005).  We need not decide whether gang affiliation provides a permissible basis for differences in classification.  As discussed in the text, Mr. Meek has not alleged any facts that would plausibly indicate similarities with others disciplined for comparable infractions.

circumstances with other inmates who were treated more favorably). As a result, Mr. Meek has not stated a valid equal-protection claim.

## Mr. Meek's Due Process Claim

The amended complaint also includes a due process claim. For this claim, the threshold issue is whether Mr. Meek has alleged facts that would plausibly implicate a protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). He has not done so.

For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (atypical and significant hardship); *Wilson v. Jones*, 430 F.3d 1113, 1120-21 (10th Cir. 2005) (length of confinement). Mr. Meek does not suggest that he had to spend more time in prison because of his disciplinary conviction. Thus, the issue is whether 60 days in punitive segregation would involve an atypical and significant hardship on Mr. Meek in relation to the ordinary incidents of prison life.

In *Sandin v. Conner*, the Supreme Court held that 30 days in disciplinary segregation did not implicate a liberty interest. 515 U.S. at 475-76, 486. Applying this principle, we later held that a prisoner had failed to state a valid claim because four weeks in an isolation cell would not have created an atypical,

5

significant deprivation without other factual allegations. *Gee v. Pacheco*, 627

F.3d 1178, 1193-94 (10th Cir. 2010).

The present case involves punitive segregation for 60 days, rather than 30

days or 4 weeks. But Mr. Meek has not pleaded any facts that would plausibly

indicate that 60 days in disciplinary segregation is atypical in relation to the

ordinary incidents of prison life. *See Estate of DiMarco v. Wyo. Dep't Corr.*, 473

F.3d 1334, 1343 (10th Cir. 2007) (placement in administrative segregation for

fourteen months did not trigger a liberty interest under *Sandin*); *accord Hoskins v.*

*Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (two months in punitive segregation

did not trigger a liberty interest). Thus, the due-process claim is deficient as a

matter of law based on the absence of a protected liberty interest.

## **Disposition of the Appeal**

The dismissal of the action is affirmed.


Entered for the Court


Robert E. Bacharach
Circuit Judge